UNITED STATES, Appellee,

v.

Keith W. SCHRODE, Lance Corporal,
U.S. Marine Corps, Appellant.

No. 98–0029.
Crim.App. No. 96–0449.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 19, 1998.

Decided June 30, 1999.

COX, C.J., delivered the opinion of the Court, in which SULLIVAN, CRAWFORD, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant Frank M. Doherty*, JAGC, USNR (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR (on brief).

For Appellee: *Lieutenant James E. Grimes*, JAGC, USNR (argued); *Colonel K.M. Sandkuhler*, USMC, and *Commander D.H. Myers*, JAGC, USN (on brief); *Colonel Charles Wm. Dorman*, USMC, and *Lieutenant J.R. McFarlane*, JAGC, USNR.

Chief Judge COX delivered the opinion of the Court.

*FACTS*

Appellant was tried at a special court-martial by a military judge alone. Pursuant to his pleas, he was convicted of absence without leave, violation of a lawful general order, and possession and use of marijuana, in violation of Articles 86, 92, 112a, Uniform Code of Military Justice, 10 USC §§ 886, 892, and 912a, respectively. He was sentenced to 90 days' confinement, forfeiture of $500 pay per month for 3 months, reduction to E–1, and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in an unpublished, *per curiam* opinion.

Appellant's trial concluded on September 19, 1995. His counsel received the authenticated record on November 3, 1995. The staff judge advocate (SJA)'s recommendation to the convening authority was dated November 16, 1995, as was the convening authority's

action approving the sentence. In that action, the convening authority stated that he considered both the SJA recommendation and the clemency matters submitted by appellant in arriving at a decision. However, appellant's counsel did not receive a copy of the SJA recommendation until November 20, 1995, and appellant never submitted clemency matters or a response to the SJA recommendation.

## ISSUE

WHETHER THE OBVIOUS ERRORS IN THE POSTTRIAL PROCEEDINGS IN THIS CASE SO UNDERCUT THE PRESUMPTION OF REGULARITY THAT THE ACTION OF THE CONVENING AUTHORITY SHOULD BE SET ASIDE.

## ANALYSIS

■■■ The objective of posttrial procedure is to ensure that the convening authority has all relevant information related to the accused and the charges prior to when he takes his action. Posttrial procedure includes:

(1) An optional submission by the accused of matters for consideration related to the findings and sentence (Art. 60(b), UCMJ, 10 USC § 860(b); RCM 1105, Manual for Courts–Martial, United States (1998 ed.));

(2) A recommendation by the SJA in all general court-martial cases and any special court-martial cases involving a bad-conduct discharge (Art. 60(d); RCM 1106); and

(3) An optional response to this by the accused (Art. 60(d); RCM 1106(f)(4)).

In the instant case, appellant tendered neither an initial submission nor a response to the SJA's recommendation, regardless that it was delivered to his counsel after the convening authority's action. In fact, his counsel noted in an affidavit that "[t]here were no RCM 1106 matters." In spite of these facts, appellant maintains he was prejudiced by the convening authority's taking action without consideration of clemency submissions that he did not submit.

While the convening authority should have exercised somewhat more care when he signed the action document, which stated that he had considered the clemency matters submitted by defense counsel on appellant's behalf, the oversight resulted in no prejudice to appellant. *See United States v. Chatman*, 46 MJ 321 (1997); *cf. United States v. Howard*, 47 MJ 104 (1997) (posttrial error tested for prejudice). His position is the same as it would have been had the convening authority's action letter simply noted that he did not consider any submissions by appellant because there were none.

## CONCLUSION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.