UNITED STATES, Appellee

v.

Sean M. WILLIAMS, Mess Management Specialist Seaman Recruit
U.S. Navy, Appellant

No. 01-0675

Crim. App. No. 200000895

United States Court of Appeals for the Armed Forces

Argued February 6, 2002

Decided June 19, 2002

BAKER, J., delivered the opinion of the Court, in which GIERKE
and EFFRON, JJ., joined.  CRAWFORD, C.J., and SULLIVAN, S.J.,
each filed a dissenting opinion.


Counsel

For Appellant:  Lieutenant Marcus N. Fulton, JAGC, USNR
   (argued); Captain Donald L. Nelson, JAGC, USNR (on brief);
   Lieutenant Amanda St. Claire, JAGC, USNR.

For Appellee:  Lieutenant Jason A. Lien, JAGC, USNR (argued);
   Colonel Rose M. Favors, USMC (on brief).




Military Judge:  David M. White



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge BAKER delivered the opinion of the court.

On November 16, 1999, appellant pled guilty without the benefit of a pretrial agreement to unauthorized absence, larceny, and forgery, in violation of Articles 86, 121, and 123, Uniform Code of Military Justice, 10 USC §§ 886, 921, and 923, respectively.  A military judge sitting as a special court-martial found appellant guilty in accordance with these pleas and adjudged a bad-conduct discharge, confinement for 100 days, and a fine of $1,500.  The convening authority approved the sentence as adjudged, and the Court of Criminal Appeals affirmed in an unpublished opinion.  No. 200000895 (N-M. Ct. Crim. App. May 7, 2001).  The granted issue requires our review of the post-trial handling of a military servicemember's case.[1]  Here, we find error and remand.

BACKGROUND

After announcing the sentence during appellant's court-martial, the military judge made the following comments on the record:

> I would ask the trial counsel to pass
> to the convening authority the nature and
> content of the accused's stated desire to
> have another chance and that he's learned
> his lessons and that the convening authority
> and the chain of command that knows Seaman

---

[1] Granted Issue:

WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN FAILING TO REMAND THIS CASE TO THE CONVENING AUTHORITY FOR A NEW COMMAND JUDGE ADVOCATE'S RECOMMENDATION AND CONVENING AUTHORITY'S ACTION CONSISTENT WITH THE ASSIGNMENT OF ERROR RAISED BELOW.

> Recruit Williams take into consideration whether they want to defer or suspend any portion of this sentence in order to allow him to have a suspended bad-conduct discharge and demonstrate that his stated desire to continue his enlistment is something that he can pull off.
>
> I say that in light of the nice testimonials from two pastors and from his mother concerning his intended desire to do well in the Navy, as well as his youth, and realizing that hopefully, if he has learned from this experience and the brig can perform its rehabilitative function, that Seaman Recruit Williams may have an opportunity to fulfill that enlistment.

On January 19, 2000, trial defense counsel submitted matters to the convening authority on behalf of appellant pursuant to RCM 1105, Manual for Courts-Martial, United States (2000 ed.).[2]  The submission expressly requested, inter alia, that the convening authority suspend the bad-conduct discharge. However, it did not reference the military judge's comments made on the record.  The command judge advocate's recommendation (CJAR), dated April 19, 2000, includes the first paragraph of the military judge's comments quoted above, but not the second paragraph.  Trial defense counsel acknowledged receipt of the recommendation on May 24, 2000; however, the convening authority issued his action the previous day, May 23, 2000.

RCM 1106(f) requires the following:

> (1)  Service of recommendation on defense counsel and accused.  Before forwarding the

---

[2] All Manual provisions cited are identical to those in effect at the time of trial.

> recommendation and the record of trial to the convening authority for action under RCM 1107, the staff judge advocate or legal officer shall cause a copy of the recommendation to be served on counsel for the accused.

The court below found failure to serve defense counsel prior to the convening authority's action in this case to be harmless error since the commander's action stated that he had considered the CJAR, the accused's RCM 1105 submissions, and the record of trial. On January 15, 2002, this Court granted appellant's motion to attach trial defense counsel's sworn declaration that the recommendation was not served on him until after the convening authority had taken action in the case. He also stated:

> . . . I would have commented on the command judge advocate's selective excerpting of the military judge's clemency recommendation. I would have provided the omitted portion of the clemency recommendation to the convening authority with a request that he thoroughly consider the recommendation of the military judge in its entirety and that he accordingly suspend MSSR Williams' bad-conduct discharge.

#### DISCUSSION

The Government's contention is that appellant has failed to make a colorable showing of prejudice under United States v. Chatman, 46 MJ 321 (1997). We have consistently held that "service of the SJA's recommendation on the accused's counsel is a critical part of the accused's post-trial representation." United States v. Mark, 47 MJ 99, 101 (1997)(citing United States

4

v. Moseley 35 MJ 481, 484-85 (CMA 1992)).  Further, we agree

with Judge Gierke's view espoused in Moseley that

> [t]he service requirement in Article 60(d), Uniform
> Code of Military Justice, 10 USC § 860(d) (1986), and
> RCM 1106(f), Manual for Courts-Martial, United States,
> 1984, was intended to incorporate the procedures
> mandated by this Court in United States v. Goode, 1 MJ
> 3 (CMA 1975).  S.Rep. No. 53, 98th Cong., 1st Sess.
> 20-21 (1983);  Drafters' Analysis, Manual, supra at
> A21-73.  The purpose of the service requirement
> imposed in Goode was 'to eliminate delays encountered
> in claims of error in post-trial reviews and the
> exhaustion of appellate resources when such error
> could easily and expeditiously be resolved prior to
> the convening and supervisory authorities' actions.'
> United States v. Hill, 3 MJ 295, 296 (CMA 1977).

Moseley, supra at 486 (concurring in part and dissenting in

part).

In Chatman, we addressed the question of the standard to be

applied when a staff judge advocate fails to serve on the

defense a copy of an addendum that contains "new matter" to

which an accused has the right to respond.  See RCM 1106(f)(7).

We required an appellant to "demonstrate prejudice by stating

what, if anything, would have been submitted to deny, counter,

or explain the new matter."  46 MJ at 323 (internal quotations

omitted).  We further indicated that "the threshold should be

low, and if an appellant makes some colorable showing of

possible prejudice, we will give that appellant the benefit of

the doubt and we will not speculate on what the convening

authority might have done if defense counsel had been given an

opportunity to comment." Id. at 323-24 (internal quotations

omitted)(emphasis added).  In <u>United States v. Howard</u>, 47 MJ

104, 107 (1997), we extended this standard to cases involving

failure to serve the original recommendation on defense counsel.

We accept without more trial defense counsel's statement in

his declaration that he would have commented on the command

judge advocate's failure to include the second part of the

military judge's comments.[3]  We disagree with the Government that

the omitted part of the military judge's comments was simply a

repeat of the first part.  In the second part of his comments,

the military judge stated the basis for his personal view that

appellant was worthy of the type of clemency he was

recommending.  These comments indicated that the "nice

testimonials from two pastors and from his mother concerning his

intended desire to do well in the Navy," considered by the

military judge during sentencing, had moved him to make this

particular clemency recommendation.  More importantly, the

second part of the military judge's comments included his

favorable assessment of appellant's rehabilitative potential.

Given the numerous offenses with which appellant was originally

---

[3] Neither the record nor defense counsel's declaration mentions when counsel became aware of the fact that the convening authority had already issued his action by the time the CJAR was received.  We remind counsel that RCM 1107(f)(2) allows the convening authority to recall and modify any action prior to forwarding the record for review.

charged,[4] the convening authority might logically have given the on-the-record remarks little weight in the absence of the military judge's stated reasons for making them.

"The essence of post-trial practice is basic fair play—notice and an opportunity to respond." United States v. Leal, 44 MJ 235, 237 (1996). It certainly would have been within the convening authority's discretion to decline the military judge's recommendation, even had counsel been provided the opportunity to comment. However, appellant had the right to have his counsel served the recommendation in accordance with RCM 1106(f). In this case, he also had the attendant right to respond to the command judge advocate's failure to include the military judge's favorable recommendation in its entirety. We hold that appellant was denied these rights when his counsel was not served the recommendation prior to the convening authority's action, and that he has made a "colorable showing" of prejudice.[5]

---

[4] In addition to the offenses to which appellant entered pleas of guilty, he was also charged with five specifications of failure to go, one specification of disrespect to a chief warrant officer, one specification of disrespect to petty officers, one specification of disobeying a commissioned officer, one specification of disobeying a petty officer, two specifications of making false officials statements, and one specification of communicating a threat. These offenses were withdrawn without prejudice by the government just before the military judge entered findings of guilty in accordance with appellant's pleas. They were ultimately dismissed by the Government at trial.

[5] We have become increasingly concerned with what we view as a lack of attention to the post-trial process. For instance, the convening authority's action in this case purports to implement appellant's automatic reduction to E-1 under Article 58a, UCMJ, 10 USC § 858a. This is curious since appellant was already at grade E-1 at the time of trial.

## DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals and the action of the convening authority are set aside.  The record of trial is returned to the Judge Advocate General of the Navy for remand to a convening authority for a new post-trial recommendation and action.  Thereafter, Articles 66 and 67, UCMJ, 10 USC §§ 866 and 867, respectively, will apply.

CRAWFORD, Chief Judge (dissenting):

While there must be accountability in eliminating errors as to the command judge advocate's (CJA) recommendation, appellant is required to show a colorable claim of prejudice. United States v. Chatman, 46 MJ 321, 323-24 (1997); see also United States v. Wheelus, 49 MJ 283, 286-87 (1998). That has not been done. Nor is there any chance that appellant will be retained in the service as a result of a new CJA recommendation and action by the convening authority. One only needs to ask whether the Navy wants to have appellant or a new recruit off the street in the service. The answer, based on his offenses, is obvious.

## FACTS

Appellant was an eighteen-year-old sailor with less than a year of active service at the time of the offenses and was assigned to the USS ABRAHAM LINCOLN at the Puget Sound Naval Shipyard, Bremerton, Washington. Over a four-month period, appellant was absent without leave from his unit on four separate occasions. These absences occurred on May 6-11, June 1-4 and 7-25, and June 28-September 3, 1999. Appellant offered no excuses for his absences other that he just did not want to go to work. He stayed in the local area during his first three absences and for a good portion of his last absence. His last

unauthorized absence terminated when he turned himself in at the Great Lakes base in Chicago after traveling through Texas.

On August 1, 1999, appellant stole $1,500.00 from the Washington Mutual Bank in Everett, Washington. He did so by depositing a forged check into his checking account using the ATM. Over the next few days, he withdrew the funds from his checking account. He obtained the blank check from Senitria Larue, whose account at Washington Mutual Bank had been closed. Appellant forged Senitria Larue's signature on the check and made it payable to himself in the amount of $1,500.00.

Appellant was convicted based on his pleas of guilty. After announcing the sentence, the military judge made the following comment:

> I would ask the trial counsel to pass to the convening authority the nature and content of the accused's stated desire to have another chance and that he's learned his lessons and that the convening authority and the chain of command that knows Seaman Recruit Williams take into consideration whether they want to defer or suspend any portion of this sentence in order to allow him to have a suspended bad-conduct discharge and demonstrate that his stated desire to continue his enlistment is something that he can pull off.
> I say that in light of the nice testimonials from two pastors and from his mother concerning his intended desire to do well in the Navy, as well as his youth, and realizing that hopefully, if he has learned from this experience and the brig can perform its rehabilitative function, that Seaman Recruit Williams may have an opportunity to fulfill that enlistment.

On January 21, 2000, his defense counsel submitted a request for clemency.  The CJA completed his recommendation, dated April 19, 2000, and submitted it to the defense counsel, who did not acknowledge receipt of the CJA recommendation until May 24, 2000.  Neither defense counsel nor appellant objected to the convening authority taking action before acknowledgement of the receipt of service.  The convening authority took action and approved appellant's sentence on May 23, 2000.  The action reflects that "the record of trial, the results of trial, the defense's clemency request dated 21 January 2000, and the Command Judge Advocate's recommendation have been considered."

The court below found that the convening authority erred by taking action before the CJA's recommendation was served on the detailed defense counsel.  In a footnote to its opinion, the court below stated:

> The convening authority's action states that the [C]JAR was submitted to the appellant's defense counsel on 1 May 2000.  Nonetheless, we choose to rely on the date of acknowledgment by the defense counsel.

Unpub. op. at 2 n.1.

### DISCUSSION

RCM 1106(f)(5) states:  "Counsel for the accused shall be given 10 days from service of the record of trial under RCM 1104(b) or receipt of the recommendation, whichever is later, in

which to submit comments on the recommendation." The court below acknowledged that the convening authority erred by taking action before the ten days had expired. I agree.

Nonetheless, appellant is not entitled to relief unless he is able to demonstrate prejudice. The court below found no prejudice because appellant's earlier clemency submission of January 21, 2000, was before the convening authority, and appellant has failed to show what additional clemency matters he would have submitted.

Thus, I cannot conclude that appellant was prejudiced by the failure of the CJA's recommendation to include the second paragraph of the military judge's clemency recommendation.

United States v. Williams, No .01-0675/NA

SULLIVAN, Senior Judge (dissenting):

I agree with the majority that the convening authority erred by taking action in this case before defense counsel was served with the command staff judge advocate's recommendation. See generally United States v. Johnston, 51 MJ 227, 229 (1999). Nevertheless, I am not convinced that appellant has made a colorable showing of possible prejudice. United States v. Chatman, 46 MJ 321, 323-24 (1997); see United States v. Schrode, 50 MJ 459 (1999).

In this regard, I note that all defense clemency materials were submitted to and considered by the convening authority prior to his taking action in this case. Moreover, the command staff judge advocate in his post-trial review called the convening authority's attention to the military's judge favorable comments on the suspension of the bad-conduct discharge. Finally, although the command staff judge advocate did not repeat verbatim the military judge's comments, they were in the record of trial and, therefore, before the convening authority.

I further note that defense counsel himself in his earlier clemency submissions in this case did not reference the military judge's post-sentence comments. Such inaction may suggest error by the defense counsel at trial; however, appellant did not raise that issue on this appeal. Moreover, the omission from mentioning this matter in the clemency materials may reflect the defense's belief that the trial judge's comments were not that

helpful.  In all these circumstances, I would affirm on the basis of harmless error.  See United States v. Kho, 54 MJ 63, 65 (2000) (no plain error in failure to note military judge's recommendation on sentence where clearly not prejudicial under circumstances of case).