SULLIVAN, Senior Judge
(dissenting):
I agree with the majority that the convening authority erred by taking action in this case before defense counsel was served with the command staff judge advocate’s recommendation. See generally United States v. Johnston, 51 MJ 227, 229 (1999). Nevertheless, I am not convinced that appellant has made a colorable showing of possible prejudice. United States v. Chatman, 46 MJ 321, 323-24 (1997); see United States v. Schrode, 50 MJ 459 (1999).
In this regard, I note that all defense clemency materials were submitted to and considered by the convening authority prior to his taking action in this case. Moreover, the command staff judge advocate in his post-trial review called the convening authority’s attention to the military’s judge favorable comments on the suspension of the bad-conduct discharge. Finally, although the command staff judge advocate did not repeat verbatim the military judge’s comments, they were in the record of trial and, therefore, before the convening authority.
I further note that defense counsel himself in his earlier clemency submissions in this case did not reference the military judge’s post-sentence comments. Such inaction may suggest eiTor by the defense counsel at trial; however, appellant did not raise that issue on this appeal. Moreover, the omission from mentioning this matter in the clemency materials may reflect the defense’s belief that the trial judge’s comments were not that helpful. In all these circumstances, I would affirm on the basis of harmless error. See United States v. Kho, 54 MJ 63, 65 (2000) (no plain error in failure to note military judge’s recommendation on sentence where clearly not prejudicial under circumstances of case).